**IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS,
EASTERN DIVISION**

| | |
|---|---|
| WESTCHESTER FIRE INSURANCE COMPANY, ) | |
| ) | |
| Plaintiff, ) | Case No.: 08CV 2706 NF |
| vs. ) | |
| ) | FILED:       MAY 9, 2008 |
| WILLIAMS MONTGOMERY & JOHN LTD.; ) | |
| STEVEN J. ROEDER; THEODORE J. LOW; ) | JUDGE ZAGEL |
| THOMAS C. KOESSL; and ALYSSA M. ) | |
| CAMPBELL, ) | MAGISTRATE JUDGE COLE |
| ) | |
| Defendants. ) | |

**ANSWER OF DEFENDANTS WILLIAMS MONTGOMERY & JOHN LTD.,
STEVEN J. ROEDER, THEODORE J. LOW, THOMAS C. KOESSL,
and  ALYSSA M. CAMPBELL,
TO THE COMPLAINT FOR DECLARATORY JUDGMENT**

NOW COME the Defendants, WILLIAMS MONTGOMERY & JOHN LTD.; STEVEN

J. ROEDER; THEODORE J. LOW; THOMAS C. KOESSL; and ALYSSA M. CAMPBELL,

and for their Answer to the Complaint for Declaratory Judgment, state as follows:

**Parties**

1.      Westchester Fire Insurance Company ("Westchester") is a New York corporation

with its principal place of business in Roswell, Georgia, and thus is not a citizen of the State of

Illinois.

    **ANSWER:**    Defendants lack knowledge or information sufficient to form a belief

about the truth of the allegations in paragraph one, and therefore deny same.

2.      Williams Montgomery & John Ltd. (hereinafter, "WMJ") is a professional

corporation, incorporated under the laws of Illinois, with its principal place of business in

Chicago, Cook County, Illinois and, as such, is a citizen of the State of Illinois.

    **ANSWER:**    Defendants admit the allegations of paragraph two.

3.     On information and belief, Steven J. Roeder is a resident of Illinois and an attorney with WMJ and, as such, is a citizen of the State of Illinois.

**ANSWER:**    Defendants admit that Steven J. Roeder is an attorney with WMJ but otherwise deny the allegations of paragraph three.

4.     On information and belief, Theodore J. Low is a resident of Illinois and a partner with WMJ and, as such, is a citizen of the State of Illinois.

**ANSWER:**    Defendants admit that Theodore J. Low is a resident and citizen of Illinois and that WMJ designates him a "partner."

5.     On information and belief, Thomas C. Koessl is a resident of Illinois and a partner with WMJ and, as such, is a citizen of the State of Illinois.

**ANSWER:**    Defendants admit that Thomas C. Koessl is a resident and citizen of Illinois and that WMJ designates him a "partner."

6.     On information and belief, Alyssa M. Campbell is a resident of Illinois and a partner with WMJ and, as such, is a citizen of the State of Illinois.

**ANSWER:**    Defendants admit that Alyssa M. Campbell is a resident and citizen of Illinois and that WMJ designates her a "partner."

## Jurisdiction and Venue

7.     Jurisdiction over this matter is founded upon diversity of citizenship jurisdiction under 28 U.S.C. §1332, based upon the facts as specifically alleged in paragraphs 1 through 6, above.

**ANSWER:**    Defendants admit that the defendants are not citizens of New York or Georgia.  Defendants lack knowledge or information sufficient to form a belief as to Westchester's citizenship and therefore defendants deny the remaining allegations in paragraph

2

seven.

8.      The amount in controversy, exclusive of interest and costs, exceeds $75,000.

**ANSWER:**    Defendants admit the allegations of paragraph eight.

9.      Venue for this matter lies in this District under 28 U.S.C. §1391 on the grounds that Defendants' principal place of business is in Cook County, Illinois, in which this Court is situated, and on the grounds that the acts and omissions giving rise to the Appellate Motion for Sanctions for which coverage is disputed herein took place in significant part in Cook County, Illinois.

**ANSWER:**    Defendants admit that venue lies in this district but deny plaintiff's characterization of the basis for such venue.

10.     This Court has the authority to issue a declaratory judgment regarding Westchester's rights and obligations under the Westchester insurance policy at issue herein pursuant to 28 U.S.C. §2201, *et seq.*

**ANSWER:**    Defendants admit the allegations of paragraph ten.

11.     An actual controversy of a justiciable nature exists between Westchester and Defendants relative to the coverage, or lack of coverage, provided by the Westchester insurance policy issued to WMJ.

**ANSWER:**    Defendants admit the allegations of paragraph eleven.

12.     This Court has personal jurisdiction over WMJ because it is a resident of the State of Illinois and conducts regular and systematic business in the State of Illinois.

**ANSWER:**    Defendants admit the allegations of paragraph twelve.

13.     This Court has personal jurisdiction over Steven J. Roeder because he is a resident of the State of Illinois and conducts regular and systematic business in the State of Illinois.

**ANSWER:**    It is denied that Steven J. Roeder is a resident of the State of Illinois but admitted that Mr. Roeder conducts regular and systematic business in the State of Illinois; Defendants admit that this Court has personal jurisdiction over Mr. Roeder.

14.    This Court has personal jurisdiction over Theodore J. Low because he is a resident of the State of Illinois and conducts regular and systematic business in the State of Illinois.

**ANSWER:**    Defendants admit the allegations of paragraph fourteen.

15.    This Court has personal jurisdiction over Thomas C. Koessl because he is a resident of the State of Illinois and conducts regular and systematic business in the State of Illinois.

**ANSWER:**    Defendants admit the allegations of paragraph fifteen.

16.    This Court has personal jurisdiction over Alyssa M. Campbell because she is a resident of the State of Illinois and conducts regular and systematic business in the State of Illinois.

**ANSWER:**    Defendants admit the allegations of paragraph sixteen.

17.    The current action arises in substantial part out of Defendants' professional activities in an underlying lawsuit originally filed in the United States Bankruptcy Court for the Northern District of Illinois and withdrawn to the United States District Court for the District of Northern Illinois and styled, *Andrew Maxwell, not individually, but as Chapter 7 Trustee for the bankruptcy estates of marchFIRST, Inc. v. KPMG LLP*, No. 03 C 3524 (the "KPMG Action"), and the subsequent appeal to the United States Court of Appeals for the Seventh Circuit (No. 07-2819).

**ANSWER:**    Defendants admit the allegations of paragraph seventeen.

## FACTS

### The Underlying Litigation

18.     On April 11, 2003, WMJ, on behalf of its client, Andrew J. Maxwell, the Chapter 7 Trustee for the bankruptcy estates of marchFIRST, Inc. (the "Trustee"), filed an adversary complaint in connection with the marchFIRST bankruptcy proceedings[1] against KPMG, LLP, styled *Andrew J. Maxwell, not individually, but as Chapter 7 Trustee for the bankruptcy estates of marchFIRST, Inc. v. KPMG LLP,* No. 03 A 01417. A true and correct copy of the Complaint is attached hereto as Exhibit A.

**ANSWER:**     Defendants admit the allegations of paragraph eighteen.

19.     On May 23, 2003, KPMG filed a Motion to Withdraw Reference of Adversary in the Northern District of Illinois. On July 1, 2003, the Honorable Judge Joan B. Gottschall issued an order granting that motion. The action was therefore withdrawn from the bankruptcy court to the Northern District of Illinois.

**ANSWER:**     Defendants admit the allegations of paragraph nineteen with the exception of the enumerated dates.  The Motion to Withdraw was filed on May 21, 2003 and the order granting that motion was issued on July 25, 2003.

20.     On July 19, 2007, Judge Gottschall issued a Memorandum Opinion and Order, granting summary judgment in favor of KPMG. A true and correct copy of the Memorandum Opinion and Order is attached hereto as Exhibit B.

**ANSWER:**     Defendants admit the allegations of paragraph twenty.

21.     On July 30, 2007, WMJ filed on behalf of the Trustee a notice of appeal to the United States Court of Appeals for the Seventh Circuit.

---

[1] *In re marchFIRST, Inc., et al.,* No. 01 B 24742 (Bankr. N.D. Ill.).

**ANSWER:**    Defendants admit the allegations of paragraph twenty-one.

22.    The Seventh Circuit issued its decision on March 21, 2008, affirming the District Court's ruling. A true and correct copy of the Seventh Circuit's opinion is attached hereto as Exhibit C.

**ANSWER:**    Defendants admit the allegations of paragraph twenty-two.

23.    In its opinion, the Seventh Circuit opined that the Trustee's lawsuit against KPMG "may well be frivolous." (Ex. C, p. 10.) The court further stated "that [KPMG] can file a motion in the district court for an award of reasonable attorney's fees . . . (of course to be paid by the trustee personally, not by the bankrupt estate), and a corresponding motion in this court under Fed. R. App. P. 38." (Ex. C, p. 10, internal citations omitted.)

**ANSWER:**    Defendants admit that the opinion, attached as Exhibit C, contains the quoted language.

24.    KPMG filed a motion for sanctions on Appeal Pursuant to Rule 38 with the Seventh Circuit on April 4, 2008 against the Trustee "and his attorneys on this appeal for legal fees and costs incurred by KPMG in connection with this appeal." (Motion of KPMG for Sanctions on Appeal Pursuant to Rule 38 (the "Appellate Motion for Sanctions"), a true and correct copy of which is attached hereto as Exhibit D, at pp. 1, 8, 11.)

**ANSWER:**    Defendants admit the allegations of paragraph twenty-four.

25.    On April 9, 2008, KPMG filed a motion in the Seventh Circuit for leave to file a motion for sanctions in the District Court against the Trustee "and his attorneys for legal fees and costs incurred by KPMG in defending the underlying complaint." (Motion of KPMG LLP for Leave to File a Motion for Sanctions in District Court, a true and correct copy of which is attached hereto as Exhibit E, at p. 1.)

**ANSWER:**    Defendants admit that KPMG filed the motion attached as Exhibit E on April 9, 2008 (but noting that the motion does not have the word "in" as quoted above).

26.    On April 1, 2008, WMJ, through its broker, provided notice to Westchester of the Seventh Circuit's Order as a potential claim circumstance under the Policy, and enclosed a copy of the Seventh Circuit's opinion in the KPMG appeal.

**ANSWER:**    Defendants admit the allegations of paragraph twenty-six.

27.    On April 4, 2008, Mr. Jay Fenton of The Plus Companies, Inc., acting on Westchester's behalf, issued a broad reservation of rights to WMJ. A true and correct copy of Mr. Fenton's April 4, 2008 letter is attached hereto as Exhibit F.

**ANSWER:**    Defendants neither admit nor deny plaintiff's characterization of the document as a "broad reservation of rights . . . ." but, instead, state that the document speaks for itself.  Defendants admit that a letter dated April 4, 2008 was sent by Jay Fenton and that a true and correct copy is attached as Exhibit F.

28.    Following KPMG's filing of the Appellate Motion for Sanctions with the Seventh Circuit, WMJ requested that Westchester provide it with a defense to that motion. Westchester issued a reservation of rights letter written on its behalf on April 10, 2008, a true and correct copy of which is attached hereto as Exhibit G.

**ANSWER:**    Defendants admit that WMJ requested a defense from Westchester but deny that the request was limited to defending the sanctions motion.  Defendants admit that a letter dated April 10, 2008 was sent by David Walker to WMJ.

29.    WMJ subsequently notified Westchester's counsel that it intended to retain defense counsel to defend its interests in connection with the Appellate Motion for Sanctions. Westchester subsequently agreed to provide a defense to the Appellate Motion for Sanctions,

subject to Westchester's reservation of rights position and subject to agreement regarding the appropriate hourly rates to be charged by WMJ's chosen defense counsel.

**ANSWER:**   Defendants admit that they notified Westchester that they intended to retain defense counsel and that Westchester agreed to provide a defense subject to a reservation of rights.   Defendants deny that the scope of the representation and defense is as narrow as plaintiff alleges.

30.     Westchester thereafter issued a supplemental letter on May 5, 2008, pursuant to which it memorialized its agreement to provide a defense subject to the reservation of rights set forth in the April 10, 2008 letter and subject to the right to seek reimbursement for any defense fees advanced in the event it is determined that there is no coverage for the Appellate Motion for Sanctions under the Westchester insurance policy. A true and correct copy of the May 5, 2008 letter is attached hereto as Exhibit H.

**ANSWER:**   Defendants admit David Walker sent a letter dated May 5, 2008 (Exhibit H) on behalf of Westchester.   Defendants further assert that the document speaks for itself and defendants neither admit nor deny the characterizations of the document.

31.     On April 22, 2008, Defendants Roeder, Low, Koessl and Campbell filed their Response of Counsel Respondents to the Motion of KPMG, LLP for Sanctions Pursuant to Fed. R. App. P. 38 in the Seventh Circuit. A true and correct copy of Defendants' Response is attached hereto as Exhibit I.

**ANSWER:**   Defendants admit the allegations of paragraph thirty-one.

32.     On April 22, 2008, the Trustee also filed responses to the Appellate Motion for Sanctions, both individually and as Chapter 7 Trustee for the bankruptcy estates of marchFIRST, Inc., true and correct copies of which are attached hereto as Exhibits J and K, respectively.

**ANSWER:**    Defendants admit the allegations of paragraph thirty-two.

**The Westchester Policy**

33.    Westchester issued Lawyers Professional Liability Policy No. LPL-G2391 1553 001 to WMJ, effective November 29, 2007 through November 29, 2008 (the "Policy").

**ANSWER:**    Defendants admit the allegations of paragraph thirty-three.

34.    A true, correct and complete copy of the Policy is attached hereto as Exhibit 1 to Exhibit L, Certification of Robert O'Neil.

**ANSWER:**    Defendants admit the allegations of paragraph thirty-four.

35.    The Policy provides $5,000,000 limit of liability per claim and in the aggregate. Ex. 1 to Ex. L, Declarations Page.

**ANSWER:**    Defendants admit the allegations of paragraph thirty-six.

36.    With respect to coverage, the Policy provides:

The Company will pay on behalf of the **Insured** all sums which the **Insured** shall become legally obligated to pay as **Damages** for **Claims** first made against the **Insured** during the **Policy Period** and first reported to the Company during the **Policy Period** or within thirty (30) days thereafter, arising out of any act, error, omission or **Personal Injury** in the rendering of or failure to render **Professional Services** by an **Insured** or any entity or individual for whom the **Named Insured** is legally liable; provided always that such act, error, omission or **Personal Injury** happens:

A.    during the **Policy Period; or**

B.    prior to the **Policy Period,** provided that:

1.    such act, error, omission or **Personal Injury** happened on or after the **Retroactive Date** as indicated on the Declarations Page of this policy; and

2.    at the inception of this policy the **Insured** had no reasonable basis to believe that any **Insured** had breached a professional duty and no reasonable basis to believe an act, error, omission or **Personal Injury** might be expected to result in such Claim or **Suit.**

(Ex. 1 to Ex. L, Section 1– Coverage.)

**ANSWER:**    Defendants admit that the Policy Coverage Section contains, among other provisions, the provision quoted above.

37.    The Policy defines Claim as follows:

When used in this policy (including endorsements forming a part of the policy):

Claim means a demand for money, the filing of **Suit** or the institution of arbitration or mediation proceedings naming the **Insured** and alleging an act, error, omission or **Personal Injury** resulting from the rendering of or failure to render **Professional Services.**

**Claim** also means knowledge by an **Insured** of any event or circumstance which could reasonably be expected to result in or lead to a Claim being asserted against an **Insured,** provided that the **Insured** gives the Company written notice of such event or circumstance prior to the termination date of the **Policy Period** or within thirty (30) days thereafter, or during the Extended Reporting Period, if applicable.

(Ex. 1 to Ex. L, Section VIII – Definitions, **Claim.)**

**ANSWER:**    Defendants admit the allegations of paragraph thirty-seven.

38.    With respect to Damages, the Policy provides in relevant part:

**Damages** means compensatory judgments, settlements or awards, but does not include punitive or exemplary damages, fines or penalties, sanctions, the return of fees or other consideration paid to the **Insured,** or that portion of any award or judgment caused by the trebling or multiplication of actual **damages** under federal or state law. **Damages** does not include matters uninsurable in the jurisdiction governing this policy.

(Ex. 1 to Ex. L, Section VIII – Definitions, **Damages.)**

**ANSWER:**    Defendants admit that the definition of "Damages" includes the language quoted above along with additional language omitted.

39.    The Policy further provides that:

This insurance does not apply to **Claims:**

G.    Seeking restitution, reduction, disgorgement, set off, return, or payment of any form of legal fees, related fees, or any other costs, expenses, or charges;

(Ex. 1 to Ex. L, Section VII – Exclusions, Clause G.)

**ANSWER:**    Defendants admit the allegations of paragraph thirty-nine.

40.    The Policy further provides:

**0.**    **Reimbursement**
While the Company has no duty to do so, if the Company pays **Damages** or **Claims Expenses:**
1.    Within the amount of the applicable Deductible; or
2.    In excess of the applicable Limit of Liability; or
3.    *Under a reservation of rights to seek reimbursement, and it is determined that the Company is entitled to reimbursement,*

all **Insureds** shall be jointly and severally liable to the Company for such amounts. Upon written demand, the **Insured** shall repay such amounts to the Company within thirty (30) days. Failure to pay any amount indicated may lead to policy termination.

(Ex. 1 to Ex. L, Section X – General Conditions, Clause 0 (emphasis supplied).)

**ANSWER:**    Defendants admit the allegations of paragraph forty.

## COUNT I – DECLARATORY JUDGMENT

41.    Westchester adopts and incorporates by reference Paragraphs 1-40 as if fully set forth herein.

**ANSWER:**    Defendants adopt and incorporate by reference their answers to paragraphs 1-40 as if fully set forth herein.

42.    Pursuant to 28 U.S.C. §2201 *et seq.,* this Court has jurisdiction to declare the Parties' rights and obligations under the Westchester Policy.

**ANSWER:**    Defendants admit the allegations of paragraph 42.

43.    It is clear from the face of the Appellate Motion for Sanctions filed in the Seventh Circuit that the only relief sought by KPMG is "sanctions" in the form of "legal fees and costs incurred by KPMG".[2]

**ANSWER:**    Defendants deny the allegations of paragraph forty-three.

---

[2]Westchester expressly reserves its right to amend, or to seek leave to amend, this Complaint to seek a declaratory judgment of no coverage for any motion for sanctions that KPMG might file with the District Court.

44.     Westchester does not have a duty to defend or indemnify Defendants or any other Insured under the Policy in connection with the Appellate Motion for Sanctions because the Motion only seeks an award of sanctions outside the Policy's definition of damages, which expressly eliminates "punitive or exemplary damages, fines or penalties, [and} sanctions" as covered items.

**ANSWER:**     Defendants deny the allegations of paragraph forty-four.

## COUNT II — DECLARATORY JUDGMENT
### (Pleaded in the Alternative to Count I)

45.     Westchester adopts and incorporates by reference Paragraphs 1-44 as if fully set forth herein.

**ANSWER:**     Defendants adopt and incorporate by reference their answers to paragraphs 1-44 as if fully set forth herein.

46.     Pursuant to 28 U.S.C. §2201 *et seq.*, this Court has jurisdiction to declare the Parties' rights and obligations under the Westchester Policy.

**ANSWER:**     Defendants admit the allegations of Paragraph 46.

47.     It is clear from the face of the Appellate Motion for Sanctions that the only relief sought by KPMG is "sanctions" in the form of "legal fees and costs incurred by KPMG".

**ANSWER:**     Defendants deny the allegations of paragraph forty-seven.

48.     To the extent that this Court were to rule that the Appellate Motion for Sanctions triggers the Insuring Agreement of the Policy (which Westchester specifically contests), Westchester nonetheless does not have a duty to defend or indemnify Defendants or any other Insured under the Policy in connection with the Appellate Motion for Sanctions because the Appellate Motion for Sanctions falls squarely within the clear and unambiguous language of

Exclusion G, which provides that the insurance provided by the Policy does not apply to claims "[s]eeking restitution, reduction, disgorgement, set off, return, or *payment of any form of legal fees, related fees, or any other costs, expenses, or charges"* (emphasis supplied).

      **ANSWER:**   Defendants deny the allegations of paragraph forty-eight.

**PRAYER FOR RELIEF**

      **WHEREFORE,** WESTCHESTER FIRE INSURANCE COMPANY respectfully requests a judgment declaring:

      A.     That the Appellate Motion for Sanctions does not give rise to a claim for "Damages" within the Insuring Agreement of the Westchester Policy given that the Motion seeks only an award of "sanctions".

      B.     That the Appellate Motion for Sanctions otherwise is excluded from coverage under Exclusion G of the Policy given that the Motion seeks "payment of any form of legal fees, related fees, or any other costs, expenses, or charges".

      C.     That, consequently, Westchester does not have a duty to defend Defendants or any other Insured under the Policy in connection with:

      (1)     the Appellate Motion for Sanctions;

      (2)     any motion or other request for legal fees, costs or related expenses by KPMG in connection with the KPMG Action; or

      (3)     any subsequent motion by the Trustee, either individually or on behalf of the marchFIRST, Inc. bankruptcy estates, against Defendants or any other Insured under the Policy, to the extent it seeks recovery of any punitive or exemplary damages, fines or penalties, sanctions, and/or legal fees, related fees, or any other costs, expenses, or charges.

13

D.     That, consequently, Westchester does not have a duty to indemnify Defendants or any other Insured under the Policy in connection with:

      (1)     the Appellate Motion for Sanctions;

      (2)     any motion or other request for legal fees, costs or related expenses by KPMG in connection with the KPMG Action; or

      (3)     any subsequent motion or other pleading filed by the Trustee, either individually or on behalf of the marchFIRST, Inc. bankruptcy estates, against Defendants or any other Insured under the Policy, to the extent it seeks recovery of any punitive or exemplary damages, fines or penalties, sanctions, and/or legal fees, related fees, or any other costs, expenses, or charges.

E.     That, pursuant to Section X, Clause G of the Policy, Westchester is entitled to reimbursement for any and all Damages and/or Claims Expenses paid by Westchester to WMJ's defense counsel in connection with:

      (1)     the Appellate Motion for Sanctions;

      (2)     any motion or other request for legal fees, costs or related expenses by KPMG in connection with the KPMG Action; or

      (3)     any subsequent motion or pleading filed by the Trustee, either individually or on behalf of the marchFIRST, Inc. bankruptcy estates, against Defendants or any other Insured under the Policy, to the extent it seeks recovery of any punitive or exemplary damages, fines or penalties, sanctions, and/or legal fees, related fees, or any other costs, expenses, or charges.

F.     For any other relief that the Court deems just and equitable.

**ANSWER:     WHEREFORE,** defendants WILLIAMS MONTGOMERY & JOHN

LTD.; STEVEN J. ROEDER; THEODORE J. LOW; THOMAS C. KOESSL; and ALYSSA M. CAMPBELL, deny that Westchester is entitled to the relief it requests, deny that Westchester is entitled to judgment, and deny that Westchester is entitled to any of the declarations requested or any relief whatsoever. Defendants instead request a judgment in their favor declaring that:

A.    Westchester has a duty to defend defendants in connection with the Appellate Motion for Sanctions;

B.    Westchester has a duty to indemnify defendants in connection with the Appellate Motion for Sanctions;

C.    Westchester has a duty to defend defendants for claim(s) arising out of or related to the KPMG Action;

D.    Westchester has a duty to indemnify defendants for claims arising out of or related to the KPMG Action;

E.    That Westchester is not entitled to reimbursement for any damages and/or Claims Expenses paid by Westchester to date; and

F.    For any other relief that the Court deems just and equitable.

Respectfully submitted,

WILLIAMS MONTGOMERY & JOHN, LTD.

By:      /s/Alyssa M. Campbell
         Attorney for Defendants

C. Barry Montgomery
Alyssa M. Campbell
Williams Montgomery & John, Ltd.
20 N. Wacker Drive, Suite 2100
Chicago, IL  60606
(312) 443-3200 (Telephone)
(312) 630-8500 (Fax)

<u>**CERTIFICATE OF SERVICE**</u>

I hereby certify that on June 25, 2008, I electronically filed the foregoing **Answer of Defendants Williams Montgomery & John, Ltd., Steven J. Roeder, Theodore J. Low, Thomas C. Koessl, and Alyssa M. Campbell to the Complaint for Declaratory Judgment** with the Clerk of the Court using the CM/ECF system which sent notification of such filing to the following:

**Attorneys for Plaintiff Westchester Fire Insurance Company:**

**Edward P. Gibbons**
Walker, Wilcox, Matousek LLP
225 West Washington Street
Suite 2400
Chicago, IL 60606
(312) 244-6700
egibbons@wwmlawyers.com

**Tiffany Suzan Saltzman-Jones**
Walker Wilcox Matousek LLP
225 W. Washington Street
Suite 2400
Chicago, IL 60606
(312) 244-6704
tsj@ wwmlawyers.com

**David E. Walker**
Walker, Wilcox, Matousek LLP
225 West Washington Street
Suite 2400
Chicago, IL 60606
(312) 244-6704
dwalker@wwmlawyers.com


                                       /s/Alyssa M. Campbell

Document #: 776602